MARTINEZ v. LOVETTE

[121 N.C. App. 712 (1996)]

JAIME RIOS MARTINEZ, Plaintiff v. DONALD RAY LOVETTE, LINDA JONES, DON-
ALD JONES, INTEGON INSURANCE COMPANY and MARYLAND INSURANCE
GROUP, Defendants

No. COA95-209

(Filed 5 March 1996)

**Insurance § 530 (NCI4th); Workers' Compensation § 82— unin-
sured motorist coverage—reimbursement of workers' com-
pensation benefits—determination by superior court error**

The Industrial Commission and not the superior court was
the only agency authorized to determine whether and what por-
tion, if any, defendant workers' compensation carrier was entitled
to receive of the $50,000 uninsured motorist coverage as reim-
bursement for compensation benefits defendant paid to plaintiff
since the superior court may determine the amount of the
employer's lien *only* when a judgment is obtained which is insuf-
ficient to compensate the subrogation claim of the Workers'
Compensation Insurance Carrier, or when a settlement agree-
ment has been agreed upon by the employee and the third party,
and in this case the superior court rendered judgment against the
tortfeasors for $300,000, which was more than sufficient to com-
pensate defendant for the $26,297.64 in workers' compensation
benefits it had paid on behalf of plaintiff, and plaintiff and the
tortfeasors had not entered into any settlement agreement.
N.C.C.S. §§ 97-10.2(f)(1), 97-10.2(j).

**Am Jur 2d, Workers' Compensation § 56.**

**Uninsured motorist insurance: Reduction of coverage
by amounts payable under medical expense insurance. 24
ALR3d 1353.**

**Uninsured motorist coverage: validity and effect of pol-
icy provision purporting to reduce coverage by amount
paid under workmen's compensation law. 24 ALR3d 1369.**

**Uninsured and underinsured motorist coverage: recov-
erability under uninsured or underinsured motorist cover-
age, of deficiencies in compensation afforded injured party
by tortfeasor's liability coverage. 24 ALR4th 13.**

Appeal by defendant from judgment entered 8 November 1994 by
Judge Robert L. Farmer in Harnett County Superior Court. Heard in
the Court of Appeals 15 November 1995.

On 21 July 1993, plaintiff was employed by Broadwell's Nursery in Angier, North Carolina. He was operating a tractor at work when an automobile ran into the rear of the tractor, causing the tractor to roll over and crush plaintiff underneath it. Plaintiff sustained permanent and painful injuries as a result of the accident.

On 9 March 1994, plaintiff sued Donald Ray Lovette, who was driving the automobile, and the owners of the automobile, Donald and Linda Jones. They were uninsured. Plaintiff previously had purchased a policy of insurance from Integon Insurance Company (hereinafter Integon) which provided $50,000 in coverage to each person injured in an automobile accident caused by an uninsured motorist. Plaintiff named Integon as a party defendant in his suit to permit Integon to pay the $50,000 into court and to permit the court to distribute the money. Plaintiff also named as a defendant Maryland Insurance Group (hereinafter defendant), the workers' compensation carrier for Broadwell's Nursery, to permit the trial court to determine what portion, if any, of the $50,000 uninsured motorist coverage defendant was entitled to receive as reimbursement for money it had paid pursuant to the workers' compensation coverage on behalf of plaintiff for his medical bills.

On 12 April 1994, Integon moved in superior court to be permitted to pay its policy limit of $50,000 into court and be dismissed from the lawsuit. The superior court granted Integon's motion and dismissed Integon with prejudice on 19 May 1994. On 23 June 1994, defendant filed a motion to dismiss. After a hearing, the superior court allowed the motion but allowed plaintiff to amend his complaint against defendant to allege a declaratory judgment action. On 19 July 1994, plaintiff filed an amended complaint, asking the superior court to determine that defendant was not entitled to enforce its workers' compensation subrogation lien against any of the $50,000 paid by Integon as uninsured motorist coverage. Defendant answered and then filed a motion for summary judgment. On 31 October 1994 after a hearing, the superior court denied defendant's summary judgment motion. The superior court found that defendant had paid $26,297.64 on behalf of plaintiff, but the superior court concluded it had the discretion, pursuant to G.S. 97-10.2(j), to disburse $16,352.21 of the $50,000 to defendant in full satisfaction of its lien. The superior court ordered the remaining money to be distributed to plaintiff, his attorney, and the court for court costs. On 31 October 1994, the superior court also found the uninsured driver and automobile owners, Donald Ray Lovette and Donald and Linda Jones, jointly and severally

liable to plaintiff for $300,000 in damages. The $50,000 in uninsured motorist coverage was distributed on 7 and 15 December 1994 pursuant to the superior court's judgment ordering disbursement.

*Bain & McRae, by Edgar R. Bain, for plaintiff-appellee.*

*Teague, Campbell, Dennis & Gorham, by George W. Dennis III and Bryan T. Simpson, for defendant-appellant Maryland Insurance Group.*

EAGLES, Judge.

We first note that plaintiff argues this appeal should be dismissed because defendant did not order the transcript of the evidence within the time allowed by Rule 7 of the North Carolina Rules of Appellate Procedure. Plaintiff first made this motion in superior court; the superior court denied plaintiff's motion. The denial is not the subject of an assignment of error here. Accordingly, this issue is not before us.

I.

Defendant argues that the superior court exceeded its authority under G.S. 97-10.2 when it ordered disbursement of the funds paid by Integon. G.S. 97-10.2(g) provides that the workers' compensation carrier is subrogated to all rights and liabilities of the employer. G.S. 97-10.2(f)(1) provides in pertinent part:

If the employer has filed a written admission of liability for benefits under [the Workers' Compensation Act] with, or if an award final in nature in favor of the employee has been entered by the Industrial Commission, then any amount obtained by any person by settlement with, judgment against, or otherwise from the third party by reason of such injury or death shall be disbursed by order of the Industrial Commission for the following purposes and in the following order of priority:

. . . .

c. Third to the reimbursement of the employer for all benefits by way of compensation or medical compensation expense paid or to be paid by the employer under award of the Industrial Commission.

We have previously interpreted these two provisions of G.S. 97-10.2 to provide that the workers' compensation insurance carrier who has paid money on behalf of the injured employee has a lien on "any payment, including uninsured/underinsured motorist insurance pro-

ceeds, made to the employee by or on behalf of a third party as a result of the employee's injury." *Ohio Casualty Group v. Owens*, 99 N.C. App. 131, 134, 392 S.E.2d 647, 649, *disc. review denied*, 327 N.C. 484, 396 S.E.2d 614 (1990). *See Buckner v. City of Asheville*, 113 N.C. App. 354, 360-61, 438 S.E.2d 467, 470, *disc. review denied*, 336 N.C. 602, 447 S.E.2d 385 (1994) (where we said "[t]his Court recently held that an employer who has paid workers' compensation benefits to its employee is entitled to a lien on the employee's underinsured [and uninsured] motorist benefits received by the employee in an action by the employee against the tortfeasor"). *See also Bailey v. Nationwide Mutual Ins. Co.*, 112 N.C. App. 47, 54, 434 S.E.2d 625, 630 (1993) (where we held that a workers' compensation carrier has a subrogation lien on uninsured motorist policy proceeds).

G.S. 97-10.2(j) provides that the superior court may determine the amount, if any, of the employer's lien (and accordingly the workers' compensation insurance carrier's lien) *only* when "a judgment is obtained which is insufficient to compensate the subrogation claim of the Workers' Compensation Insurance Carrier, or . . . [when] a settlement has been agreed upon by the employee and the third party." Here, the superior court rendered judgment against the tortfeasors for $300,000 (and Integon paid into court $50,000) which was more than sufficient to compensate defendant for the $26,297.64 it had paid on behalf of plaintiff. Furthermore, plaintiff and the tortfeasors had not entered into any settlement agreement. Plaintiff argues that "third party" in G.S. 97-10.2(j) includes Integon and that Integon and plaintiff entered into a settlement when Integon agreed to pay the $50,000 into court. We disagree. In *Buckner*, 113 N.C. App. at 359, 438 S.E.2d at 470, we interpreted "third party" to mean the tortfeasor, and the applicable language of G.S. 97-10.2(j) has not been amended since *Buckner* was decided. On this record, we hold that the superior court did not have authority to distribute the uninsured motorist policy proceeds. In this case, the Industrial Commission, acting pursuant to G.S. 97-10.2(f)(1), was the only agency authorized to determine whether and what portion, if any, defendant was entitled to receive of the $50,000 uninsured motorist coverage as reimbursement for money defendant paid on behalf of plaintiff pursuant to the workers' compensation insurance coverage.

Reversed.

Chief Judge ARNOLD and Judge MARTIN, John C., concur.