RAQUEL DEVONE WIGGINS, Administratrix of the Estate of Trevis Marchant Wiggins, Plaintiff v. BUSHRANGER FENCE COMPANY; BUSHRANGER ENTERPRISES, INC.; KING HOLDINGS, INC., d/b/a AAA TRIANGLE FENCE COMPANY; AND AAA TRIANGLE FENCE COMPANY, Defendants

No. COA96-459

(Filed 15 April 1997)

**Workers' Compensation § 85 (NCI4th)— fatally injured employee—settlement with tortfeasors—compensation carrier's subrogation lien—elimination by trial court**

Pursuant to N.C.G.S. § 97-10.2(j), the trial court did not abuse its discretion by eliminating the employer's compensation carrier's subrogation lien on the proceeds of a tort settlement paid to a fatally injured employee's family where the trial court made the proper reasoned choices and value judgments as mandated in *Allen v. Rupard,* 100 N.C. App. 490, 397 S.E.2d 330 (1990).

**Am Jur 2d, Workers' Compensation §§ 110, 451.**

Appeal by defendants from order entered 6 December 1995 by Judge J.B. Allen, Jr., in Wake County Superior Court. Heard in the Court of Appeals 13 January 1997.

*Teague, Campbell, Dennis & Gorham, L.L.P., by George W. Dennis, III, and Bryan T. Simpson, for defendant appellants.*

*Edwards & Kirby, L.L.P., by David F. Kirby and William B. Bystrynski, for plaintiff appellee.*

COZORT, Judge.

This appeal presents the question of whether the superior court has discretion under N.C. Gen. Stat. § 97-10.2(j) (1991) to eliminate a subrogation lien on worker's compensation benefits paid to a fatally injured employee's family. We hold that it does.

Trevis Wiggins (decedent) was killed on 3 February 1993 while performing his duties as a night supervisor for the Budget Rent-A-Car agency (the agency) near Raleigh-Durham International Airport. Decedent's duties included shutting a four hundred pound sliding gate, which blocked entry to the agency's premises during off-hours. Decedent was killed when the sliding gate detached from its rollers and fell on him. The gate pinned decedent's throat against an elec-

tronic gate arm, asphyxiating him. The North Carolina Industrial Commission awarded dependent benefits to decedent's wife and two children pursuant to N.C. Gen. Stat. § 97-38 (1991). Decedent's family has received approximately $91.00 a week in benefits since the decision of the Industrial Commission, and defendants project an eventual benefit payout of $200,000.00 to them.

Plaintiff also sued two fence repair companies that had worked on the fence prior to decedent's death, defendant Bushranger, and defendant AAA Triangle Fence Co. The cases against both of these defendants settled for $900,000.00 prior to trial. After this settlement, Cigna Property & Casualty Company (Cigna) (on behalf of the agency as its worker's compensation carrier) claimed a lien against the proceeds of the $900,000.00 settlement.

In response to this claim of lien, plaintiff requested a court hearing pursuant to N.C. Gen. Stat. § 97-10.2(j) to determine whether the agency and Cigna were due any of the settlement proceeds. After hearing the arguments of counsel at the § 97-10.2(j) hearing, the trial court made the following findings of fact:

5. Defendant Bushranger and defendant AAA Triangle Fence Company, in response to plaintiff's complaint, filed allegations that the employer, Budget Rent-A-Car Systems, Inc., was negligent for failing to maintain, repair or replace the cantilever roller gate and that such negligence was a proximate cause of Trevis Wiggins' death.

6. In August, 1990, defendant Bushranger advised the management of Budget that the cantilever roller gate was very dangerous, that it could fall down, and defendant Bushranger recommended that the employer, Budget, replace the gate for safety reasons. Budget chose not to replace the gate.

7. On numerous occasions before February 3, 1993, the date of Trevis Wiggins' death, employees of Budget Rent-A-Car Systems, Inc., including Mabeline Bell and Malinda Brown, complained to the management of Budget that the cantilever roller gate was difficult to operate, that it had fallen off the rollers and that the gate was in need of repair. Instead of repairing or replacing the cantilever roller gate, Budget chose to place the gate back on the rollers and continue using the gate without repair or modification.

8. The plaintiff and the defendant Bushranger and defendant AAA Triangle Fence Company settled the third party claim for the sum of $900,000.00.

On these findings, and others not outlined here, the trial court concluded:

Based upon the foregoing findings, and in the exercise of discretion of the court pursuant to N.C.G.S. § 97-10.2, the court concluded that the employer Budget shall recover no amount and shall have no lien on the third party settlement proceeds.

We find no error with the trial court's disposition of this case under § 97-10.2(j).

Defendants primarily rely on *Williams by Heidgerd v. International Paper Co.*, 324 N.C. 567, 571, 380 S.E.2d 510, 512 (1989), for the proposition that "G.S. 97-10.2(j) does not provide a Superior Court judge the authority to determine issues surrounding either the alleged negligence of the employer or the effect that any such negligence will have on the subrogation lien, as subsection (e) of the statute provides that the employer is entitled to a jury trial on those issues." (Emphasis in defendants' brief). Defendants' reliance on *Williams*, and their arguments based upon it, are misplaced.

*Williams* is inapplicable here for two reasons. First, the central issue in *Williams* was "whether an employer is entitled to a jury trial on the issue of employer negligence under N.C.G.S. § 97-10.2(e) in a tort action brought by an injured employee against third parties who allege that the employer is . . . liable for the employee's injuries." *Williams*, 324 N.C. at 568, 380 S.E.2d at 511. Simply put, the issues surrounding this appeal are not grounded in tort, and the instant trial court's order did not involve a determination of defendant Budget Rent-A-Car's negligence. Rather, the only issue here is whether the trial court abused its discretion by allowing no lien in favor of defendants. *See Allen v. Rupard*, 100 N.C. App. 490, 494, 397 S.E.2d 330, 333 (1990).

Second, it is important to note that material changes have been made to § 97-10.2(j) since 1989, the date of the *Williams* decision. The *Williams* decision appeared to limit the discretion of a trial court in making subrogation allocations and in allowing a jury trial where negligence was a subrogation factor. The new version of § 97-10.2(j), amended in 1991, reads as follows:

## WIGGINS v. BUSHRANGER FENCE CO.

[126 N.C. App. 74 (1997)]

(j) <u>Notwithstanding any other subsection in this section, in</u> the event that a judgment is obtained which is insufficient to compensate the subrogation claim of the Workers' Compensation Insurance Carrier, or in the event that a settlement has been agreed upon by the employee and the third <u>party</u>, either party may apply to the resident superior court judge . . . <u>to determine the subrogation amount. After notice to the employer and the insurance carrier, after an opportunity to be heard by all interested parties, and with or without the consent of the employer, the judge shall determine, in his discretion, the amount, if any, of the employer's lien and the amount of cost of the third-party litigation to be shared between the employee and employer</u>.

1991 N.C. Sess. Laws ch. 408, § 1 (pertinent additions to statute underlined).

It is manifest that the phrases "notwithstanding any other subsection in this section" and "the judge shall determine, in his discretion, the amount, if any, of the employer's lien" represent the legislature's intent to alter existing case law by amending the statute. These changes alter the *Williams* decision by making it clear that: (1) subsection (j) is independent from the other § 97-10.2 subsections such as § 97-10.2(e), and, (2) that the Superior Court has discretionary authority to determine the lien amount.

Even before the 1991 amendments, this Court "held that subsection (j) [gives] the trial court 'discretion' in deciding how to distribute the settlement proceeds." *Rupard*, 100 N.C. App. at 495, 397 S.E.2d at 333 (quoting *Pollard v. Smith*, 90 N.C. App. 585, 588, 369 S.E.2d 84, 85 (1988), *rev'd on other grounds*, 324 N.C. 424, 378 S.E.2d 771 (1989)). The *Rupard* Court also established that the trial court's discretion "is not unbridled or unlimited. Rather, [when considering a § 97-10.2(j) lien allocation,] the trial court is to make a reasoned choice, a judicial value judgment, which is factually supported . . . [by] findings of fact and conclusions of law sufficient to provide for meaningful appellate review." *Id.* Thus, to the extent that defendants assert the trial court improperly rendered findings of fact on the equities in this case, they are incorrect. In light of the instant facts, findings of fact numbers five, six, and seven are the proper reasoned choices and value judgments mandated by *Rupard*.

We are cognizant of the potential for plaintiff to receive a double recovery via the operation of § 97-10.2(j). However, this issue was raised in *Pollard* and in *Rupard*, and in those cases, we determined

that the statute contemplated and allowed for such a recovery if justified by the equities of the case. *Pollard,* 90 N.C. App. at 588, 369 S.E.2d at 85-86; *Rupard,* 100 N.C. App. at 494, 397 S.E.2d at 332. We see no need to revisit the analysis of those decisions. Accordingly, for the reasons stated above, we affirm.

Affirmed.

Chief Judge ARNOLD and Judge WYNN concur.