UNITED STATES FIDELITY AND GUARANTY COMPANY, Plaintiff v. NANCY O. JOHNSON, Executrix of the Estate of MELVIN MILLER JOHNSON and TERESA TORGERSON, Defendant AND NANCY O. JOHNSON, Executrix of the Estate of MELVIN MILLER JOHNSON, Plaintiff v. TILLET MARK GREEN and BILL LUCK SAND AND GRAVEL, INC., Defendant

No. COA97-292

(Filed 3 February 1998)

**1. Workers' Compensation § 85 (NCI4th)— wrongful death— employer's lien—settlement inadequate—lien eliminated— discretion of court**

The trial court had discretion to eliminate the Department of Transportation's workers' compensation lien on settlement proceeds in a wrongful death action arising from the death of a DOT employee in an automobile accident with a third party. Although DOT advances several policy arguments that the superior court judge did not have discretion to deny the employer's lien, the plain language of N.C.G.S. § 97-10.2(j) authorizes such discretion.

**2. Appeal and Error § 447 (NCI4th)— constitutional issue— raised at trial—not considered**

The Court of Appeals did not consider the Department of Transportation's argument that N.C.G.S. § 97-10.2(j) was unconstitutional as applied in this case where the record does not affir-

matively show that the question was raised and passed upon in the trial court.

**3. Workers' Compensation § 85 (NCI4th)— wrongful death— employer's lien—settlement inadequate—lien eliminated— discretion of court—properly exercised**

The trial court properly exercised its discretion pursuant to N.C.G.S. § 97-10.2(j) in denying an employer's lien to the Department of Transportation for workers' compensation benefits paid to the estate of a DOT employee killed in a car accident where the court's order was supported by its findings, conclusions, and applicable law. When a judge makes a ruling committed to the court's discretion, the law requires a reasoned choice; the reasoned choice based on the court's conclusions here would be to reduce the lien to nothing.

Appeal by North Carolina Department of Transportation from order entered 20 November 1996 by Judge Donald R. Huffman in Moore County Superior Court. Heard in the Court of Appeals 28 October 1997.

*Attorney General Michael F. Easley, by Assistant Attorney General D. Sigsbee Miller, for appellant.*

*West & Smith, L.L.P., by Stanley W. West, for appellee.*

WYNN, Judge.

When an employee receives workers' compensation from an employer for injuries and also receives a compensatory payment from a third party, to the extent that it provided benefits the employer has a lien on the third party's payment. However, where the third party payment is the result of a settlement, the legislature has left in the discretion of the superior court the amount of the lien. In the present case, after the decedent employee's estate reached a settlement, the superior court determined the employer's lien to be nothing. We affirm this decision, as the trial court could have reasonably concluded that such a result was equitable, because the funds available were insufficient to compensate for the decedent's death.

Melvin Miller Johnson, an employee of the Department of Transportation, died in an automobile accident when the personal vehicle that he drove while on State business was struck by a truck owned by Bill Luck Sand and Gravel, Inc., and driven by its employee,

Tillet Mark Green. A passenger in Mr. Johnson's vehicle, his coworker Teresa Torgerson, was injured in the accident.

The Department of Transportation agreed to provide compensation under the North Carolina Workers' Compensation Act to Mr. Johnson's eligible family. The Industrial Commission approved the agreement, which provided that over a period of several years the Department of Transportation would make payments to Mr. Johnson's wife and child totaling $148,955.

Mrs. Johnson qualified as executrix of her husband's estate and sued Mr. Green and the Bill Luck Company to recover wrongful death damages. The insurer of the driver and Bill Luck, United States Fidelity and Guaranty Company, thereafter filed an interpleader action and deposited the limit of its coverage, $497,100, with the Moore County Clerk of Superior Court.

Some time after the accident, the Bill Luck Company declared bankruptcy. Ultimately, Mrs. Johnson settled with the driver and the Bill Luck Company for $372,825, which represented 75% of the available insurance proceeds. Under another agreement, the passenger in Mr. Johnson's vehicle, Teresa Torgerson, received the remaining 25% of the available funds.

At the time of the settlement, the Department of Transportation had paid $47,045.51 in workers' compensation. Following the settlement, under the authorization given by N.C. Gen. Stat. § 97-10.2(j) (1991), Mrs. Johnson moved the superior court to determine the amount that the Department of Transportation should recover on its lien on the $372,825 settlement from the insurance proceeds.

After a hearing, the trial court concluded, *inter alia*, that "fair compensation for the injuries and damages received by Nancy O. Johnson, Executrix, far exceed all forms of assets available to compensate her including both liability coverage by [United States Fidelity and Guaranty Company] and workers' compensation benefits" and that "to allow the [Department of Transportation] to recover the workers' compensation lien for funds paid to or [to] be paid in this particular case would be inequitable under the particular facts and circumstances of this case." The court ordered that the Department of Transportation would recover nothing on its lien against the settlement funds. The Department of Transportation appeals.

[1] The Department of Transportation first argues that the trial court erred by denying any recovery on its lien because N.C. Gen. Stat. § 97-10.2(j) does not grant to the trial court discretion to eliminate an employer's lien where the settlement amount exceeds the lien amount. We disagree.

In general, an employer has a lien upon any payment made by a third party to compensate for injury or death to the extent that the employer has provided workers' compensation benefits for the injury. N.C. Gen. Stat. § 97-10.2(f)(1)(c), (h) (1991). However, N.C. Gen. Stat. § 97-10.2(j) (1991) permits a party to have a superior court judge determine the subrogation amount that an employer is entitled to "in the event that a settlement has been agreed upon by the employee and the third party." That section further provides that "the judge shall determine, in his discretion, the amount, *if any*, of the employer's lien." (emphasis added).

Thus, while the Department of Transportation advances several policy arguments that the superior court judge did not have discretion to deny the employer's lien, the plain language of section 97-10.2(j) does authorize such discretion. Accordingly, the Department of Transportation's policy arguments are meritless; and we hold, as the statute plainly states, that the trial court did have discretion to eliminate the lien.

[2] The Department of Transportation next argues that N.C. Gen. Stat. § 97-10.2(j) is unconstitutional as applied to this case. However, our review of the record reveals that this contention was not raised before the trial court. An "appellate court will not decide a constitutional question which was not raised or considered in the trial court. The record must affirmatively show that the question was raised and passed upon in the trial court." *Midrex Corp. v. Lynch, Sec. of Revenue*, 50 N.C. App. 611, 618, 274 S.E.2d 853, 858, *appeal dismissed and disc. review denied*, 303 N.C. 181, 280 S.E.2d 453 (1981). Because the record does not reflect such a showing, we do not consider this argument.

[3] The Department of Transportation also contends that the trial court abused its discretion by totally eliminating the lien where the settlement was in an amount greater than the lien. However, as was discussed *supra*, under section 97-10.2(j) the trial court had discretion to determine the amount, *if any*, of the Department of Transportation's lien. When a judge makes a ruling committed to his or her discretion, the law requires that a reasoned choice be made.

In this case, the trial court found that Mrs. Johnson, as the executrix of her husband's estate, would be entitled to damages for wrongful death. Mr. Johnson was 45 years old at the time of his death, had an income of over $30,000 in the year proceeding his death, and was survived by his wife and two daughters. Furthermore, the trial court found as fact that the $372,825 in insurance proceeds were the only funds available to compensate for Mr. Johnson's death. The trial court could have reasonably concluded the funds obtained from the settlement inadequately compensated Mr. Johnson's family for his death and that equity called for reduction of the lien. Based on these conclusions, a reasoned choice would be to reduce the lien to nothing. Accordingly, we hold that the trial court properly exercised its discretion.

Finally, the Department of Transportation argues that the trial court's order is not supported by its findings and conclusions or by applicable law. We disagree. Having reviewed the record, we find ample support for the trial court's conclusions of fact. Further, as discussed *supra*, we hold that those conclusions did support the trial court's exercise of discretion.

For the reasons given above, Superior Court Judge Donald R. Huffman's decision to deny the Department of Transportation any recovery on its lien in this case is,

Affirmed.

Judges EAGLES and MARTIN, Mark D., concur.