IN RE: KIMBERLY D. BIDDIX and WAL-MART, INC.

No. COA99-886

(Filed 20 June 2000)

**1. Workers' Compensation— subrogation lien—third-party tortfeasor settlement**

Constitutional challenges to N.C.G.S. § 97-10.2(j) arising from the elimination of a workers' compensation subrogation lien have been rejected previously or were not preserved for review in that the employer presented no evidence in support of these contentions to the trial court during the hearing.

**2. Workers' Compensation— subrogation lien—employer's negligence**

Although an employer whose workers' compensation subrogation lien was eliminated contended that it was free from culpability in the accident and was therefore entitled to a lien on the third-party tortfeasor settlement proceeds, the employer's negligence becomes relevant only when the third-party tortfeasor asserts that the employer's negligence joined or concurred with the negligence of the third party in causing the injury.

### 3. Workers' Compensation— subrogation lien—third-party tortfeasor—elimination of lien

The trial court did not abuse its discretion by ordering that the employer (Wal-Mart) have no lien upon the proceeds of the employee's settlement with a third-party tortfeasor where the court made findings with respect to the extent of the employee's injuries, her ongoing pain and suffering, her medical expenses paid by Wal-Mart, her compensation for temporary disability, the amount of the settlement, and the fact that the third-party tortfeasor had no additional assets from which she could recover, and concluded that the amount of the settlement inadequately compensated plaintiff for her injuries.

Appeal by defendant from order entered 22 February 1999 by Judge Zoro J. Guice, Jr., in McDowell County Superior Court. Heard in the Court of Appeals 10 May 2000.

*Donald Fred Coats for plaintiff-appellee Kimberly D. Biddix.*

*Young Moore and Henderson, P.A., by J. Aldean Webster, III, and Kathryn H. Hill, for defendant-appellant Wal-Mart, Inc.*

MARTIN, Judge.

Wal-Mart, Inc., (Wal-Mart) appeals from an order eliminating its workers' compensation subrogation lien against the proceeds of a settlement entered into between its employee, Kimberly D. Biddix (Biddix), and a third party. Biddix was injured in an automobile collision, caused by the negligence of a third party, which occurred in the course and scope of her employment with Wal-Mart. Wal-Mart paid Biddix workers' compensation benefits, consisting of medical benefits in the amount of $16,844.03 and temporary total disability benefits in the amount of $1,874.40. Biddix subsequently entered into a settlement with the insurer for the third party tortfeasor for $25,000, the limits of liability under the insurance policy. She petitioned the superior court to exercise jurisdiction pursuant to G.S. § 97-10.2(j) to determine the amount of Wal-Mart's subrogation lien and to distribute the settlement amount.

At a hearing on her request, Biddix presented evidence that she had suffered a broken femur, necessitating the insertion of a metal rod into her leg; a fractured wrist; and emotional trauma. She had returned to work as a stocker at Wal-Mart, but testified that she was still experiencing extreme pain in her leg, was under the care of a

**IN RE BIDDIX**

[138 N.C. App. 500 (2000)]

doctor, might need additional surgery to relieve her pain, and intended to pursue additional workers' compensation benefits from Wal-Mart. Wal-Mart presented no evidence, but was permitted to file a written response in which it objected to any reduction in the lien as being in excess of the superior court's authority and a violation of its rights under the North Carolina Constitution and the United States Constitution.

The trial court entered an order concluding that the settlement did not adequately compensate Biddix for her injuries and ordering the elimination of Wal-Mart's subrogation lien. Wal-Mart appeals.

---

In its brief, Wal-Mart argues the superior court erred in eliminating Wal-Mart's subrogation lien on the proceeds of the third party settlement because the court had no authority to do so and, even if such authority exists, the order was an abuse of discretion under the circumstances of the case. Wal-Mart further contends the elimination of the lien pursuant to G.S. § 97-10.2(j) was a violation of its substantive and procedural due process rights and its rights to equal protection of laws under the State and Federal constitutions. For the following reasons, we affirm.

**[1]** Wal-Mart's challenges to G.S. § 97-10.2(j) as unconstitutionally vague and violative of due process have been previously rejected in *Allen v. Rupard*, 100 N.C. App. 490, 397 S.E.2d 330 (1990). With respect to the remaining constitutional challenges argued in Wal-Mart's responsive pleading, the record discloses that Wal-Mart presented no evidence in support of those contentions to the trial court during the hearing. Thus, such issues are not preserved for appellate review and we will not address them. N.C.R. App. P. 10(b)(1); *See State v. Fayetteville St. Christian School*, 299 N.C. 351, 359, 261 S.E.2d 908, 914 (1980) (court will pass upon the constitutionality of a statute only when the issue is squarely presented upon an adequate factual basis); *U.S. Fidelity and Guaranty Co. v. Johnson*, 128 N.C. App. 520, 523, 495 S.E.2d 388, 390 (1998) (record must affirmatively show constitutional issue was raised and passed upon by trial court).

**[2]** Wal-Mart argues that it was free from culpability with respect to the accident in which Biddix was injured and is therefore entitled to a lien on the settlement proceeds in order to recoup the payments which it made to Biddix. The employer's negligence, however, becomes relevant only when the third party tortfeasor, in the course

of litigation with the injured employee, asserts that the employer's negligence joined or concurred with the negligence of the third party in causing the injury. N.C. Gen. Stat. § 97-10.2(e) (1998). See *Wiggins v. Bushranger Fence Co.*, 126 N.C. App. 74, 483 S.E.2d 450, *disc. review denied*, 346 N.C. 556, 488 S.E.2d 825 (1997) (employer's negligence is irrelevant to the question of whether the trial court abused its discretion under G.S. § 97-10.2(j)).

[3] The remaining issues are whether the superior court has the authority to order that Wal-Mart will have no lien upon the proceeds of Biddix's settlement with the third party tort-feasor, and whether, in this case, it abused its discretion by doing so. G.S. § 97-10.2(j) grants the superior court authority, in certain instances, to determine the amount of the employer's subrogation lien in funds obtained by an injured employee, who has been paid workers' compensation benefits for the injury, from a third party tortfeasor.[1] As applicable here, the statute provides:

> Notwithstanding any other subsection in this section, in the event that a judgment is obtained which is insufficient to compensate the subrogation claim of the Workers' Compensation Insurance Carrier, or *in the event that a settlement has been agreed upon by the employee and the third party*, either party may apply to the resident superior court judge of the county in which the cause of action arose, . . . (emphasis added).
>
> . . .
>
> [T]he judge shall determine, *in his discretion*, the amount, *if any*, of the employer's lien and the amount of cost of the third-party litigation to be shared between the employee and employer . . . (emphasis added).

In this case, the event which triggers the authority of the superior court to allocate the amount of the lien or distribute funds is the settlement, and there is no requirement that the settlement amount be insufficient to compensate the workers' compensation insurance carrier, as is the case when a judgment is the triggering event.

In *Wiggins, v. Bushranger Fence Co.*, 126 N.C. App. 74, 483 S.E.2d 450, we held that the superior court has discretionary authority, pursuant to G.S. § 97-10.2(j), to reduce or eliminate an employer's lien on the proceeds of an employee's settlement with a third party.

---

1. G.S. § 97-10.2(j) has been amended, effective 18 June 1999, applicable to judgments or settlements entered on or after that date.

Thus, the only issue remaining is whether the superior court abused its discretion in this case by allowing Wal-Mart no lien upon the proceeds of Biddix's settlement.

Once a trial court properly assumes jurisdiction under G.S. § 97-10.2(j), it is vested with the discretion to determine how to distribute the settlement proceeds. In *Allen v. Rupard*, 100 N.C. App. at 495, 397 S.E.2d at 333, this Court noted that the discretion granted under G.S. § 97-10.2(j) is not unlimited; "the trial court is to make a reasoned choice, a judicial value judgment, which is factually supported . . . [by] findings of fact and conclusions of law sufficient to provide for meaningful appellate review." Where the trial court makes sufficient findings of fact and conclusions of law, the due process rights of the employer have been protected. *Id.* Although there is no mathematical formula or list of factors for a trial court to employ when making disbursement decisions, we are guided by precedent.

In *Allen v. Rupard*, the employee was injured when the truck he operated for his employer collided with another truck driven by Stamy Rupard. The employee suffered three crushed vertebrae, and underwent three operations requiring the insertion and removal of hooks and rods in his back. Rupard's insurer paid the full amount of his liability insurance, $25,000, after which the employee petitioned the court for the distribution of these proceeds; the court divided these proceeds in half. In its findings, the court listed the injuries sustained by the employee, the extent to which they would likely be permanent, the expenses paid by the employer's carrier and the potential damages likely to be incurred, the current and potential amount of the workers' compensation carrier's subrogation lien, taking into account future payouts for medical expenses, and the amount by which the settlement would be reduced by currently owed attorney's fees. This Court concluded that "considering the nature and circumstances of the incident, the nature and extent of Plaintiff's injury, the fact that Plaintiff is seeking no attorney fee to be paid out of the $25,000.00 proceeds . . . and other circumstances in the case, . . . the Court finds that it is fair, equitable, and just that one-half (1/2) of said sum . . . be paid to [employee] and that the remaining one-half (1/2) of said sum . . . be paid to . . . Employer and its insurance carrier . . . ." *Id.* at 496-97, 397 S.E.2d at 334. We held the findings of fact and conclusions of law sufficient to permit meaningful review and a determination that the trial court's decision was "a reasoned choice which [was] factually supported." *Id.* at 497, 397 S.E.2d at 334.

**IN RE BIDDIX**

[138 N.C. App. 500 (2000)]

In *United States Fidelity and Guarantee Company v. Johnson*, 128 N.C. App. 520, 495 S.E.2d 388, an employee died in an automobile accident which occurred when he was driving his own automobile on business for the Department of Transportation. His widow received a settlement of $372,825 from the insurance company of the driver who struck her husband; she then petitioned the superior court to disburse these proceeds pursuant to G.S. § 97-10.2(j). After finding the employee's age, his earnings, the extent of his family, and the extent of his estate, the superior court concluded that "fair compensation for the injuries and damages received by . . . Executrix far exceed all forms of assets available to compensate her including both liability coverage by [third party's insurance carrier] and workers' compensation benefits," and "to allow the Department of Transportation to recover the workers' compensation lien for funds paid to or to be paid in this particular case would be inequitable under the particular facts and circumstances of this case." *Id.* at 522, 495 S.E.2d at 390.

Similarly, in the present case, the superior court made findings with respect to the extent of Biddix's injuries, her ongoing pain and suffering, her medical expenses as paid by Wal-Mart, her compensation for temporary disability, and the amount of the settlement and the fact that the third party tortfeasor had no additional assets from which she could recover. Based on those facts, the court concluded that the amount of the settlement inadequately compensated plaintiff for her injuries, and we cannot say the conclusion is unreasonable. Thus, a reasoned choice would exist to either reduce the lien by some amount or in its entirety. The superior court's determination that the lien be reduced in its entirety was factually supported and a proper, constitutional exercise of its discretion. The order is

Affirmed.

Judges WYNN and SMITH concur.