***********
Defendants' argument for withdrawal of the Opinion and Award concerns the potential offset of any workers' compensation award with plaintiff's previous third party settlements.
Defendants are not entitled at this time to an offset for various reasons. Plaintiff settled a civil claim with Duke Power in the amount of $85,981.31 for his colon cancer and in the amount of $65,000.00 for his asbestosis. After deducting costs and attorneys' fees, plaintiff was left with $63,602.63 for colon cancer and $45,142.08 for asbestosis. He also settled third party claims with the product manufacturers. However, defendants cannot now offset the workers' compensation award granted by the Full Commission with plaintiff's third party settlements for several reasons outlined below.
North Carolina law allows for subrogation of the recovery from a third party by an employer in a workers' compensation case. Subrogation refers to the employer's right, upon reimbursement of the employee, to any payment made to the employee by or on behalf of a third party as a result of the employee's injury. Hieb v. Lowery, 516 S.E.2d 621 (N.C.App. 1999). The subrogation provision of the Workers' Compensation Act was designed to secure prompt, reasonable compensation for the employee and simultaneously permit an employer who has settled with an employee to recover such amount from third-party tortfeasor. Radzisz v. HarleyDavidson of Metrolina, Inc., 346 N.C. 84, 484 S.E.2d 566 (1997); Brownv. Southern Ry. Co., 204 N.C. 668, 169 S.E. 419 (1933) (emphasis added).
The right of subrogation of a third party has been codified in N.C. General Statute § 97-10.2. This section sets forth the rights of the employee, employer, and insurance carrier when there exists a cause of action for damages against a third party. Section 97-10.2(f) sets the order of priority for disbursement of funds by the Industrial Commission
under certain conditions:
 (1) If the employer has filed a written admission of liability for benefits under this Chapter with, or if an award final in nature in favor of the employee has been entered by the Industrial Commission, then any amount obtained by any person by settlement with, judgment against, or otherwise from the third party by reason of such injury or death shall be disbursed by order of the Industrial Commission for the following purposes and in the following order of priority . . .
 a. First to the payment of actual court costs taxed by judgment.
 b. Second to the payment of the fee of the attorney representing the person making settlement or obtaining judgment, and except for the fee on the subrogation interest of the employer such fee shall not be subject to the provisions of § 90 of this Chapter [G.S. § 97-90] but shall not exceed one third of the amount obtained or recovered of the third party.
 c. Third to the reimbursement of the employer for all benefits by way of compensation or medical treatment expense paid or to be paid by the employer under award of the Industrial Commission.
 d. Fourth to the payment of any amount remaining to the employee or his personal representative.
In the current claim, however, § 97-10.2(j) controls the procedure by which plaintiff and defendants must address the potential subrogation lien issue. Subsection (j) provides in pertinent part:
 (j) Notwithstanding any other subsection in this section, in the event that a judgment is obtained by the employee in an action against a third party, or in the event that a settlement has been agreed upon by the employee and the third party, either party may apply to the resident superior court judge of the county in which the cause of action arose, where the injured employee resides or the presiding judge before whom the cause of action is pending, to determine the subrogation amount. After notice to the employer and the insurance carrier, after an opportunity to be heard by all interested parties, and with or without the consent of the employer, the judge shall determine, in his discretion, the amount, if any, of the employer's lien, whether based on accrued or prospective workers' compensation benefits, and the amount of cost of the third-party litigation to be shared between the employee and employer. The judge shall consider the anticipated amount of prospective compensation the employer or workers' compensation carrier is likely to pay to the employee in the future, the net recovery to plaintiff, the likelihood of the plaintiff prevailing at trial or on appeal, the need for finality in the litigation, and any other factors the court deems just and reasonable, in determining the appropriate amount of the employer's lien. If the matter is pending in the federal district court such determination may be made by a federal district court judge of that division. (Emphasis added).
When N.C. Gen. Stat. § 97-10.2 is read in its entirety, it is apparent that the Legislature intended that subrogation rights to the employer and/or the insurance carrier should only attach once liability or compensability has been found or accepted by the employer and/or carrier. Throughout the statute, the term "if the employer has filed a written admission of liability for benefits" is liberally used. Clearly, an admission of liability, or likewise a finding of compensation by the Industrial Commission, in a claim is paramount to the assignment of subrogation rights. This is only logical since an employer cannot claim subrogation until there is an award entered against that employer.
The Industrial Commission has jurisdiction to award or consider an offset only when the third party settlement occurs after the award by the Industrial Commission. That is not the case here. All third party settlements were received before the Full Commission Award and the compensation benefits.
Clearly subsection (j) applies in this case for two reasons. First, plaintiff's third party settlement was obtained while or before his workers' compensation claim was pending. This fact alone automatically takes jurisdiction to decide the lien amount away from the Industrial Commission and gives authority to the Superior Court. The applicable statutes make it clear that if a third party settlement is obtained pending the resolution of the workers' compensation claim, then any subrogation or offset that is to be handled is within the sole jurisdiction of the Superior Court. There is support for this in relevant case law. In Martinez v. Lovette, the court held that the superior court has jurisdiction to decide the amount of an employer's lien in two circumstances: "when a judgment is obtained which is insufficient to compensate the subrogation claim of the Workers' Compensation Insurance Carrier, or when a settlement agreement has been agreed upon by the employee and the third party." Martinez v. Lovette,121 N.C. App. 712, 468 L.Ed.2d 251 (NC. App. 1996).
The North Carolina case of Wiggins v. Bushranger Fence Company has a very similar fact pattern to the current claim. In Wiggins, the employee was killed at work when a gate detached from its rollers and crushed him. Plaintiff sued the employer under the Workers' Compensation Act and also sued two fence repair companies that had worked on the fence. The cases against these two defendants settled for $900,000.00 prior to the workers' compensation hearing. The trial court properly heard the issue of the employer's lien and determined that the employer was not entitled to recover any lien on the third party settlement proceeds since the employer was negligent. The Court of Appeals noted that the Superior Court was the proper forum for this issue and that it had "discretionary authority to determine the lien amount." Wiggins v. Bushranger FenceCompany, 126 N.C. App. 74, 483 S.E.2d 450 (N.C.App. 1997).
Second, the Industrial Commission also does not have jurisdiction when "judgment is obtained which is insufficient to compensate the subrogation claim of the workers' compensation insurance carrier" or employer if self-insured. Hieb v. Lowery, 516 S.E.2d 621 (N.C.App. 1999). In this case, after attorneys' fees are taken out of the Duke settlements (which are not subject to an employer's lien), plaintiff is only left with $108,744.91. If Plaintiff ultimately prevails in this workers' compensation suit, there is the possibility that the award would not be significantly greater than this amount and plaintiff could end up with insufficient compensation. For example, if plaintiff's colon cancer returns then defendants could be liable for thousands upon thousands of dollars in benefits.
WHEREFORE, since the Superior Court has jurisdiction in the matter raised by defendants in their Motion and the Industrial Commission does not, the Motion is DENIED.
This 28th day of June 2002.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/____________ BUCK LATTIMORE CHAIRMAN
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER