JANE CONSTANCE SHERMAN, Plaintiff v. HOME DEPOT U.S.A., INC., Defendant

No. COA02-1368

(Filed 16 September 2003)

### 1. Workers' Compensation— lien—reduction by court—no abuse of discretion

The reduction of a workers' compensation lien to $55,667 from $168,000 was not an abuse of discretion where the court considered the factors delineated by the legislature and determined that the reduced lien was fair and equitable. N.C.G.S. § 97-10.2(j).

SHERMAN v. HOME DEPOT U.S.A., INC.

[160 N.C. App. 404 (2003)]

### 2. Workers' Compensation— action against third-party— attorney fees

A superior court order that a workers' compensation insurance carrier pay $56,602 of plaintiff's litigation expenses against a third party was not an abuse of discretion. Although the carrier argued that the court was ordering it to pay attorney fees without authority, the order read in its entirety concerned litigation costs and clarified that plaintiff could seek no further payment from the carrier for either litigation costs or attorney fees.

Appeal by an unnamed party from an order entered 3 June 2002 by Judge Abraham Penn Jones in Durham County Superior Court. Heard in the Court of Appeals 19 August 2003.

*Pulley, Watson, King & Lischer, P.A., by Guy W. Crabtree, for plaintiff-appellee.*

*Morris, York, Williams, Surles, & Barringer, L.L.P., by John F. Morris, and Keith B. Nichols, for unnamed party-appellant.*

CALABRIA, Judge.

Companion Property and Casualty Insurance Company ("Companion"), the workers' compensation insurance carrier for Jane Constance Sherman's ("plaintiff") employer, appeals the 3 June 2002 order of the Superior Court reducing its workers' compensation lien to $55,667.00 and ordering Companion to pay $56,602.00 to plaintiff's attorneys. We find no abuse of discretion in the reduction of the lien, and conclude the trial court properly ordered Companion to pay a portion of the litigation costs. Accordingly, we affirm the order of the Superior Court.

On 15 November 1999, plaintiff was injured in an automobile accident when a loaded flatbed trailer became detached from its vehicle and struck her vehicle. Plaintiff's permanent injuries are extensive. Her injuries include a broken neck, a de-gloving laceration of her face and head, and severe brain damage. Since plaintiff was in the course and scope of her employment at the time, her injuries are compensable under the Workers' Compensation Act. Plaintiff received, and will continue to receive, said compensation from Companion. Plaintiff recovered $500,000.00 from the insurance company of the driver of the other vehicle. Companion waived its subrogation rights to that payment.

Thereafter, plaintiff brought this action against Home Depot, Inc. ("Home Depot") for negligence by improperly loading the trailer. Home Depot denied liability but settled the claim for $1,300,000.00. Companion asserted its subrogation rights to this settlement. The amount of the workers' compensation lien at the time of the hearing was approximately $168,000.00. The Superior Court determined "a reduction of Companion's lien to the amount of $55,667.00 is fair and reasonable. . . ." The Superior Court ordered Companion to pay $56,602.00 toward plaintiff's litigation costs. Companion appeals.

Companion asserts the Superior Court erred by (I) reducing its workers' compensation lien to $55,667.00 under N.C. Gen. Stat. § 97-10.2(j); and (II) improperly ordering Companion to pay $56,602.00 to plaintiff's attorneys.

I. Lien Reduction

**[1]** Companion argues the trial court abused its discretion in reducing the workers' compensation lien to $55,667.00. North Carolina law provides:

> Notwithstanding any other subsection in this section . . . in the event that a settlement has been agreed upon by the employee and the third party, either party may apply to . . . [the Superior Court] to determine the subrogation amount. . . . [T]he judge shall determine, in his discretion, the amount, if any, of the employer's lien, whether based on accrued or prospective workers' compensation benefits, and the amount of cost of the third-party litigation to be shared between the employee and employer. The judge shall consider the anticipated amount of prospective compensation the employer or workers' compensation carrier is likely to pay to the employee in the future, the net recovery to plaintiff, the likelihood of the plaintiff prevailing at trial or on appeal, the need for finality in the litigation, and any other factors the court deems just and reasonable, in determining the appropriate amount of the employer's lien.

N.C. Gen. Stat. § 97-10.2(j) (2001). However, "the discretion granted [to the Superior Court judge] under G.S. § 97-10.2(j) is not unlimited; 'the trial court is to make a reasoned choice, a judicial value judgment, which is factually supported . . . [by] findings of fact and conclusions of law sufficient to provide for meaningful appel-

late review.' " *In Re Biddix*, 138 N.C. App. 500, 504, 530 S.E.2d 70, 72 (2000) (quoting *Allen v. Rupard*, 100 N.C. App. 490, 495, 397 S.E.2d 330, 333 (1990)).

The Superior Court, in considering the applicable factors to guide its decision, found as fact: plaintiff's claim against Home Depot was settled for $1,300,000.00; plaintiff received $500,000.00 from an additional claim; the attorney's fees were $390,000.00; the litigation costs were in excess of $169,806.00. The amount of the workers' compensation lien "was approximately $168,000.00 and was increasing each week." Plaintiff's life care plan demonstrated that the cost of her care "over the remainder of her life will exceed $1,500,000.00 and that her diminished earning capacity over the remainder of her life will exceed $500,000.00." Finally, the court found plaintiff has suffered disfigurement, scarring, and partial use of her left eye, spine, back, and brain. The court concluded it was reasonable for plaintiff to accept settlements of her claims, considering that she might not have recovered at trial, and that "the amount recovered by Plaintiff in the two above described settlements will not adequately compensate Plaintiff for all of the damage she has suffered and will continue to suffer over the remainder of her life." Therefore, the court determined "given the totality of the circumstances of this case, a reduction of Companion's lien to the amount of $55,667.00 is fair and reasonable. . . ."

In determining whether the Superior Court's order was reasonable or an abuse of discretion, we find instructive our prior decisions. In *Biddix*, this Court upheld the reduction of a workers' compensation lien to zero where the trial court determined the $25,000.00 settlement was inadequate to compensate plaintiff, who had broken her femur and wrist, required a metal rod be placed in her leg and suffered emotional trauma. *Biddix*, 138 N.C. App. at 505, 530 S.E.2d 70, 72-73. In *U.S. Fidelity and Guaranty Co. v. Johnson*, 128 N.C. App. 520, 495 S.E.2d 338 (1998), this Court upheld the Superior Court's reduction of a workers' compensation lien to zero where the settlement of $372,825.00 was inadequate to compensate the employee's family following his death. In *Wiggins v. Bushranger Fence Co.*, 126 N.C. App. 74, 483 S.E.2d 450 (1997), this Court upheld the reduction of a workers' compensation lien to zero because the equities of the case justified the $900,000.00 settlement to the employee's family. In the case at bar, the Superior Court considered the factors delineated by the legislature, and, consistent with previous cases, determined, in its discretion, that although the settlement was inadequate to com-

pensate plaintiff, a workers' compensation lien of $55,667.00 was fair and equitable.

Finally, Companion argues the Superior Court's result permits a double recovery by plaintiff, thereby "defeat[ing] the purpose and spirit of the Workers' Compensation Act." However, as we have previously acknowledged: "[w]e are cognizant of the potential for plaintiff to receive a double recovery . . . [however] we [previously] determined that the statute contemplated and allowed for such a recovery if justified by the equities of the case." *Wiggins*, 126 N.C. App. at 77-78, 483 S.E.2d at 452. Accordingly, we cannot find Judge Jones abused his discretion, and we affirm the order of the trial court.

II. Litigation Costs and Attorneys Fees

[2] Companion appeals asserting the trial court improperly ordered payment of $56,602.00 to plaintiff's attorney because the court had no authority to order Companion to pay a portion of the attorneys fees. We find the order required Companion to pay a portion of the litigation costs and not attorneys fees.

North Carolina law expressly provides, "the judge shall determine, in his discretion . . . the amount of cost of the third-party litigation to be shared between the employee and employer." N.C. Gen. Stat. § 97-10.2(j). In the present case, the Superior Court concluded as a matter of law, "given the totality of the circumstances of this case, requiring Companion to pay the sum of $56,602.00 toward Plaintiff's litigation costs is fair and reasonable in the Court's discretion." The court found as fact "[p]laintiff's attorneys either advanced or incurred costs related to the litigation in excess of $169,806.00." The court, having considered the statutory factors, determined that Companion should pay one-third of the litigation costs, and ordered them to pay $56,602.00, which is one-third of $169,806.00. The court further ordered the remaining approximately two-thirds of the litigation costs be paid from the $1,300,000.00 settlement to the attorneys.

Nevertheless, Companion asserts the following conclusion of law supports its claim that the court was ordering it to pay attorneys fees: "payment of the sum of $56,602.00 by the [(sic)] Companion to Plaintiff's attorneys, Pulley, Watson, King & Lischer, P.A., will fully and forever satisfy its responsibility under NCGS § 97-10.2 for payment to Plaintiff of its share of litigation expenses and attorney fees." While reading this passage alone could indicate the payment of

**IN RE O'NEAL**

[160 N.C. App. 409 (2003)]

$56,602.00 was for both litigation costs and attorneys fees, in light of the entire order such a conclusion would be contradictory. The court specifically stated the payment was for a portion of the litigation costs. Moreover, the court found as fact the attorney fee was $390,000.00, concluded as a matter of law it was fair and reasonable, and ordered payment of $390,000.00 to the attorneys from the $1,300,000.00 settlement. Therefore, reading this passage in the context of the entire order, it is apparent the court was not ordering Companion to pay plaintiff's attorney's fees, but was clarifying that plaintiff could seek no further payment from Companion for either litigation costs or attorneys fees. Accordingly, we overrule this assignment of error.

The order of the Superior Court is

Affirmed.

Judges WYNN and HUDSON concur.