JONATHON HELSIUS, Petitioner v. ELWANDA S. ROBERTSON and COUNTY OF DURHAM, Respondents

No. COA05-08

(Filed 15 November 2005)

1. **Workers' Compensation— claim by deputy—authority to extinguish county's lien—sovereign immunity**

   There is specific statutory authority in the Workers' Compensation Act authorizing a deputy sheriff who received both workers' compensation insurance and a third-party settlement to seek a determination of Durham County's authority to

HELSIUS v. ROBERTSON

[174 N.C. App. 507 (2005)]

file a lien against his settlement proceeds. The trial court did not err by not dismissing the matter under sovereign immunity.

**2. Workers' Compensation— subrogation—statute not unconstitutional**

The workers' compensation statute which provides subrogation for a third-party settlement, N.C.G.S. § 97-10.2(j), is not unconstitutionally vague and does not violate due process. Neither does it violate the Exclusive Emoluments prohibition of the N.C. Constitution as to benefits received by deputy sheriffs or in the possibility of a double recovery.

**3. Workers' Compensation— third-party settlement—subrogation denied**

There was competent evidence supporting findings which themselves supported extinguishing Durham County's subrogation lien on a deputy's workers' compensation benefits, including the finding that petitioner's net recovery would otherwise be zero. The trial court did not abuse its discretion.

Appeal by respondent County of Durham from judgment entered 6 July 2004 by Judge Ronald L. Stephens in Durham County Superior Court. Heard in the Court of Appeals 14 September 2005.

*Clayton, Myrick, McClanahan & Coulter, PLLC, by Robert D. McClanahan, for petitioner-appellee.*

*Office of the County Attorney, by Assistant County Attorney Curtis Massey, for County of Durham respondent-appellant.*

JACKSON, Judge.

On 14 July 2003, Jonathon Helsius ("petitioner") was injured in the course and scope of his employment with the Durham County Sheriff's Office. While escorting a funeral procession, petitioner's motorcycle was struck by a vehicle driven by Elwanda Robertson.[1] As a result of the collision, petitioner sustained serious injuries including a severe concussion, pinpoint bleeding in his brain, a broken wrist, punctured lung, broken ribs, and compression frac-

---

1. Petitioner retained counsel to pursue a third party tort claim against defendant Elwanda Robertson, and agreed to settle his claims against her for the limits of her liability insurance, $30,000.00. Petitioner had underinsured motorists coverage in the amount of $50,000.00 per claimant, and he received $20,000.00 as a result of this coverage. Defendant Robertson is not a party to this appeal and this aspect of the case is not before us.

tures in his spine. Petitioner was admitted to the hospital following the accident, and was discharged a few days later. Petitioner was permitted to return to work full-time, but on light/desk duty on 1 September 2003, and he returned to full duty on 8 October 2003.

The County of Durham ("respondent") paid petitioner a total of $53,128.40 in workers' compensation benefits, representing medical expenses, temporary total disability, and permanent partial disability compensation.

Petitioner applied to the trial court, pursuant to North Carolina General Statutes, section 97-10.2(j), for a determination of the amount of the County of Durham's subrogation lien and to distribute the settlement amount. Petitioner presented extensive testimony at the hearing. Respondent did not present any evidence, but did present arguments in support of its various motions to dismiss based on sovereign immunity and violation of its rights under the North Carolina Constitution.

On 6 July 2004, the trial court entered an order denying all of respondent's motions and extinguishing respondent's subrogation lien. From this order the County of Durham appeals.

[1] Respondent first contends the trial court committed reversible error when it failed to dismiss the matter, as the County's sovereign immunity had not been waived and thus barred the proceedings. We do not find this argument to be credible, and thus hold the trial court did not err.

In this State it is well established that counties are a part of the State government, and thus are entitled to sovereign immunity. *Dawes v. Nash County*, 357 N.C. 442, 445, 584 S.E.2d 760, 762, *reh'g denied*, 357 N.C. 511, 587 S.E.2d 417 (2003); *White v. Commissioners of Chowan County*, 90 N.C. 437 (1884); *Archer v. Rockingham County*, 144 N.C. App. 550, 548 S.E.2d 788 (2001), *disc. review denied*, 355 N.C. 210, 559 S.E.2d 796 (2002). A county may not be sued unless there is a specific statute authorizing the suit, or the county has consented to being sued or has waived its immunity. *Id.*

Respondent contends the county neither waived its sovereign immunity nor did petitioner allege a waiver of the immunity, and therefore petitioner's petition for a determination on respondent's lien should have been dismissed. However, respondent also argues that although petitioner's action should be dismissed based on sovereign immunity, respondent still should be permitted to maintain a lien

on petitioner's settlement proceeds pursuant to North Carolina General Statutes, section 97-10.2(j). Respondent effectively is asking this Court to permit it to maintain a lien on petitioner's settlement proceeds, while at the same time giving petitioner no means by which to challenge to the lien.

North Carolina General Statutes, section 97-10.2(j) (2004) provides in pertinent part:

> [I]n the event that a settlement has been agreed upon by the employee and the third party, either party may apply to the resident superior court judge of the county in which the cause of action arose . . . to determine the subrogation amount. After notice to the employer and the insurance carrier, after an opportunity to be heard by all interested parties, and with or without the consent of the employer, the judge shall determine, *in his discretion*, the amount, if any, of the employer's lien . . . .

N.C. Gen. Stat. § 97-10.2(j) (2004) (emphasis added). This statute is included in our State's workers' compensation laws, which specifically provide that the State of North Carolina, along with its political subdivisions (*i.e.* counties) are subject to the Workers' Compensation Act found in Chapter 97 of our General Statutes. N.C. Gen. Stat. § 97-7 (2004). Employees covered by the Workers' Compensation Act include "deputy sheriffs and all persons acting in the capacity of deputy sheriffs." N.C. Gen. Stat. § 97-2(2) (2004). The Act further provides that employers who must abide by the Act include

> [t]he board of commissioners of each county of the State, . . . all deputy sheriffs serving within such county, or persons serving or performing the duties of a deputy sheriff, whether such persons are appointed by the sheriff or by the board of commissioners and whether serving on a fee basis or salary basis.

N.C. Gen. Stat. § 97-2(3) (2004). Based upon the fact that county governments are subject to the Workers' Compensation Act and its provisions regarding payment and compensation under the Act, we hold there is specific statutory authority authorizing petitioner to seek a determination of the County of Durham's authority to file a lien against petitioner's settlement proceeds.

**[2]** Respondent next contends that North Carolina General Statutes, section 97-10.2(j) is unconstitutional under the North Carolina Constitution, for being vague and violative of its due process rights,

**HELSIUS v. ROBERTSON**

[174 N.C. App. 507 (2005)]

and for violating the Exclusive Emoluments Clause. We have previously rejected the argument that North Carolina General Statutes, section 97-10.2(j) is unconstitutionally vague and violative of due process, and therefore need not address this issue. *See In re Biddix,* 138 N.C. App. 500, 530 S.E.2d 70, *disc. review denied,* 352 N.C. 674, 545 S.E.2d 418 (2000); *Allen v. Rupard,* 100 N.C. App. 490, 397 S.E.2d 330 (1990). Therefore we only address respondent's contention that North Carolina General Statutes, section 97-10.2(j) violates the Exclusive Emoluments Clause of the North Carolina Constitution.

The Exclusive Emoluments Clause of the North Carolina Constitution provides that "[n]o person or set of persons is entitled to exclusive or separate emoluments or privileges from the community but in consideration of public services." N.C. Const. art. I, § 32 (2004). Our Supreme Court has interpreted this Clause to provide that our

> Legislature has no power to compel or even to authorize a municipal corporation to pay a gratuity to an individual to adjust a claim which the municipality is under no legal obligation to pay. Nor may it lawfully authorize a municipal corporation to pay gifts or gratuities out of public funds.

*Brown v. Comrs. of Richmond County,* 223 N.C. 744, 746, 28 S.E.2d 104, 105-06 (1943) (internal citations omitted); *Leete v. County of Warren,* 341 N.C. 116, 120, 462 S.E.2d 476, 479 (1995). In *Leete,* our Supreme Court recognized that "[s]alary, pension, insurance and similar benefits received by public employees are generally not unconstitutional exclusive emoluments and privileges. They constitute compensation in consideration of services rendered." *Leete,* 341 N.C. at 121, 462 S.E.2d at 479. Our Supreme Court further has stated that the benefits that deputy sheriffs receive pursuant to the Workers' Compensation Act are "conferred by reason of public service," and are not violative of the Exclusive Emoluments Clause of the North Carolina Constitution. *Towe v. Yancey County,* 224 N.C. 579, 580, 31 S.E.2d 754, 755 (1944).

Respondent argues that North Carolina General Statutes, section 97-10.2(j) allows for petitioner to have a double recovery, in that he is permitted to retain both the settlement proceeds, and the workers' compensation benefits paid by respondent, thereby creating a windfall for petitioner. Respondent contends that this windfall, permitted by the extinguishment of respondent's lien, is the aspect of the statute that violates the Exclusive Emoluments Clause. We do not agree.

Our courts repeatedly have held that North Carolina General Statutes, section 97-10.2(j) "allows plaintiff a double recovery at the expense of the employer or carrier, in the discretion of the Superior Court judge. . . . [S]ince the language is clear and unambiguous, we must hold that the Legislature intended this possible result." *Pollard v. Smith*, 90 N.C. App. 585, 588, 369 S.E.2d 84, 86 (1988), *rev'd on other grounds*, 324 N.C. 424, 378 S.E.2d 771 (1989); *see also Wiggins v. Bushranger Fence Co.*, 126 N.C. App. 74, 77-78, 483 S.E.2d 450, 452, *disc. review denied*, 346 N.C. 556, 488 S.E.2d 825 (1997); *Allen*, 100 N.C. App. at 493-94, 397 S.E.2d at 332-33. Given that our legislature and courts allow for the possibility of double recovery by injured employees, and the fact that workers' compensation benefits provided to sheriff's deputies pursuant to the Workers' Compensation Act are constitutional, we hold that North Carolina General Statutes, section 97-10.2(j) does not violate the Exclusive Emoluments Clause of the North Carolina Constitution.

**[3]** We next turn our attention to respondent's final assignment of error that the trial court's extinguishment of its lien was not supported by sufficient findings of fact and conclusions of law. This Court has held that although North Carolina General Statutes, section 97-10.2(j) does grant the trial court "discretion" in deciding to reduce or extinguish an employer's lien on the employee's settlement with a third party, this discretion "is not unlimited." *In re Biddix*, 138 N.C. App. at 504, 530 S.E.2d at 72 (citing *Allen*, 100 N.C. App. at 495, 397 S.E.2d at 333). In exercising its discretion, the trial court must

> "make a reasoned choice, a judicial value judgment, which is factually supported . . . [by] findings of fact and conclusions of law sufficient to provide for meaningful appellate review." Where the trial court makes sufficient findings of fact and conclusions of law, the due process rights of the employer have been protected.

*Id.* (quoting *Allen*, 100 N.C. App. at 495, 397 S.E.2d at 333). North Carolina General Statutes, section 97-10.2(j) provides that in exercising its discretion, the trial judge

> shall consider the anticipated amount of prospective compensation the employer or workers' compensation carrier is likely to pay to the employee in the future, the net recovery to plaintiff, the likelihood of the plaintiff prevailing at trial or on appeal, the need for finality in the litigation, and any other factors the court deems

just and reasonable, in determining the appropriate amount of the employer's lien.

N.C. Gen. Stat. § 97-10.2(j) (2004).

In the instant case, the trial court made the following specific findings of fact:

3. The liability insurance carrier for respondent Robertson, GMAC Insurance Company, has tendered to petitioner an offer of the limits of its policy of liability insurance coverage applicable to this incident, $30,000.00.

4. Petitioner has purchased a policy of underinsured motorist coverage through State Farm Insurance Company in the amount of $50,000.00. State Farm Insurance Company has tendered the limits of its coverage applicable to this incident, $20,000.00 . . . .

5. The County of Durham, as employer of petitioner, has provided workers' compensation benefits in the form of payment of medical expenses which have been incurred for the treatment of petitioner's injuries and for compensation in the total amount of $53,128.40.

. . . .

7. The third party liability claim arising from the above-described vehicular collision has been resolved by settlement and the total amount of payment to be paid pursuant to said settlement is $50,000.00

8. As a result of said collision, the petitioner suffered numerous serious and painful injuries . . . . The petitioner remained hospitalized for four days . . . and suffered a great deal of pain and disability for several weeks and months following this collision.

9. Although the petitioner returned to full duty in his capacity as a deputy sheriff with the respondent on October 8, 2003, he has continued to experience pain, weakness and other difficulties with the injuries which he has sustained. His orthopaedic surgeon has rendered opinions that the petitioner is permanently injured in the amount of five percent permanent partial impairment to his left wrist and twenty percent permanent impairment to his back.

. . . .

11. The petitioner has suffered further items of damage to which he is entitled to recover against the negligent party who has caused his injury, including payment of chiropractic expenses, payment of the remainder of his lost income from the County of Durham, payment of his second employment income, calculated in the amount of $3,996.00, and payment for pain and suffering already endured and pain and suffering to be endured in the future.

12. The negligent respondent, Elwanda S. Robertson, does not have sufficient assets to pay further towards her liability to the petitioner for further damages suffered by the petitioner which remain uncompensated.

13. That $50,000.00 is an inadequate sum to compensate the petitioner, for said pain, suffering and past, present and future interference of his life as result of said injuries.

. . . .

15. The court has further considered the fact that, without reduction of the compensation lien of the employer, the net recovery to the petitioner would be zero. The court has also considered the likelihood that the petitioner . . . would prevail at a trial against the negligent respondent and would recover a sum far in excess of the funds which are available to pay for his damages.

16. The court has also considered that there is now a need for finality in this litigation, in that the petitioner has completed his active medical care and has returned to full duty to [sic] employment with the respondent, and that all sums which are available to pay for his damages have been received.

17. That justice would be served in this case by extinguishing the employer's compensation lien so that the petitioner can be justly compensated for the damages which he has suffered, for which he has received no compensation, for the injuries which he sustained while in the course and scope of his employment . . . [with] the County of Durham in his role as a deputy sheriff.

In its brief, respondent assigns error to almost all of the trial court's findings of fact and conclusions of law, however respondent failed to offer any argument in support of many of these assignments

of error, therefore those not addressed below are deemed abandoned. N.C. R. App. P. 28(b)(6) (2005). In its brief, respondent specifically assigns error to, and properly preserves these for appellate review: the trial court's findings of fact numbers 8, 9, 11, 12, 13, 15, 17, and conclusions of law numbers 1, 2, and 3. We therefore limit our review to these specific portions of the trial court's order.

Respondent argues the trial court's findings of fact are not supported by competent evidence, and the court's conclusions of law are thus not supported by competent findings of fact. When reviewing a trial court's findings of fact, our role is to determine "whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts." *Shear v. Stevens Bldg. Co.*, 107 N.C. App. 154, 160, 418 S.E.2d 841, 845 (1992). "Findings of fact by the trial court in a non-jury trial have the force and effect of a jury verdict and are conclusive on appeal if there is evidence to support those findings." *Id.* (citing *Hunt v. Hunt*, 85 N.C. App. 484, 355 S.E.2d 519 (1987)). However, we review the trial court's conclusions of law *de novo*. *Id.*

At the hearing, petitioner testified concerning the details of the collision, the injuries he suffered, and his recovery following the collision. He stated that he had been diagnosed as having a five percent permanent partial disability in his left wrist, and a twenty percent permanent partial disability in his back. He testified, without objection, that he continues to experience pain in his wrist, shoulder, neck and back, and continues to be limited in the activities in which he can participate. Petitioner further testified regarding visits to a chiropractor for treatment of continuing stiffness in his neck and back, which he began to experience once he returned to full duty. Petitioner also testified about his secondary employment and the fact that he was unable to perform any secondary employment while not on full duty after the accident. He testified about the income he lost during this period, and submitted documents he prepared showing his lost income as determined using his prior years' taxes, all of which was admitted into evidence without objection. On cross-examination, petitioner testified that he and his retained counsel considered pursuing a third-party claim against Elwanda Robertson, however she did not have any assets beyond her insurance coverage. Petitioner stated that although respondent has paid most of his medical bills and two-thirds of his gross salary while he was out of work, he has not been compensated for the remaining one-third of his salary, his lost wages from his secondary employment, his expenses

incurred in seeing the chiropractor, or for the pain and suffering he has already experienced and continues to experience. All of petitioner's testimony was admitted without objection by respondent.

Based on the evidence presented at the hearing, along with petitioner's responses to respondent's requests for admissions, we hold that there is competent evidence in the record to support the trial court's findings of facts 8, 9, 11, 12, and 13. With respect to finding of fact 15, the trial court was presented with evidence showing that petitioner had received $50,000.00 in settlement proceeds, and that respondent claimed a lien in the amount of $53,128.40. We therefore hold there was competent evidence to support the finding that petitioner's net recovery would be reduced to zero without the extinguishment of respondent's lien. Finding of fact 17 addresses the factors listed in North Carolina General Statutes, section 97-10.2(j), and we hold there is sufficient evidence to support the trial court's finding.

Based on the foregoing discussion concerning sovereign immunity and the constitutionality of North Carolina General Statutes, section 97-10.2(j), we hold the trial court's conclusions of law regarding these issues are supported by our State's case law. We further hold that based on the findings of fact, the trial court's conclusion of law stating that "justice requires that the workers' compensation lien of the County of Durham be extinguished" is supported by competent findings of fact. We recognize that the Workers' Compensation Act creates a system in which an employee may receive a "windfall," however the trial court has made specific findings of fact showing that this did not occur in the instant case.

We therefore hold the trial court did not abuse its discretion in extinguishing respondent's lien, and that the trial court properly considered the relevant factors in applying the provisions of North Carolina General Statutes, section 97-10.2(j) to petitioner's case.

Affirm.

Judges McGEE and McCULLOUGH concur.