WILLIAM M. DAVIS, Employee, Plaintiff v. WEYERHAEUSER COMPANY, Employer, SELF-INSURED (Crawford & Company), Defendants

No. COA97-869

(Filed 6 April 1999)

### 1. Appeal and Error— assignments of error—abandoned

Plaintiff abandoned his assignments of error in a workers' compensation appeal by appealing from and assigning error to the opinion and award of the full Industrial Commission, but contending in his brief that the opinion and award of the Deputy Commissioner was erroneous. The opinion and award of the Deputy Commissioner was not properly before the court.

### 2. Workers' Compensation— asbestosis—disability—not shown

A workers' compensation plaintiff was not entitled to compensation for total or partial incapacity to earn wages from his asbestosis under N.C.G.S. § 97-29 or N.C.G.S. § 97-30 where he did not meet his burden of showing that his asbestosis resulted in disablement other than by a prior award of 104 weeks of compensation pursuant to N.C.G.S. § 97-61.5. Plaintiff was entitled to

compensation pursuant to N.C.G.S. § 97-31(24), which does not require a showing of disablement. The Industrial Commission was strongly discouraged from merely reciting an expert's opinion as its only finding on an issue because it is then unclear whether the Commission was showing only that it considered the opinion or whether it agreed with and found the opinion as expressed by the expert.

Appeal by plaintiff from Opinion and Award filed 21 January 1997 from of the North Carolina Industrial Commission. Heard in the Court of Appeals 16 February 1999.

*The Law Office of Robin Hudson, by Robin E. Hudson and Faith Herndon, for plaintiff-appellant.*

*Wallace, Morris & Barwick, P.A., by Elizabeth A. Heath, for defendant-appellees.*

GREENE, Judge.

William M. Davis (Plaintiff) appeals from the Opinion and Award of the North Carolina Industrial Commission (Commission).

On 2 November 1995, pursuant to Plaintiff's claims for workers' compensation, the Deputy Commissioner entered an Opinion and Award containing the following conclusions of law:

1. [P]laintiff has failed to carry the burden of proof to establish that he is entitled to compensation for total disability as a result of his asbestosis. The competent evidence in the record clearly establishes that [Plaintiff] voluntarily retired from his employment in 1985 for reasons unrelated to his asbestosis. [P]laintiff did not inform either the employer or any of his physicians that he was retiring due to physical limitations. Further, medical evidence clearly establishes that [Plaintiff's] condition was not such as to render [P]laintiff unable to work. No physician has found [P]laintiff unable to engage in work. Any limitation of [P]laintiff's ability to earn wages was due to factors other than his asbestosis.

2. Plaintiff has made no effort following his voluntary retirement to seek other employment. Therefore, [Plaintiff] is not entitled to elect a remedy under N.C. Gen. Stat. § 97-30.

DAVIS v. WEYERHAEUSER CO.

[132 N.C. App. 771 (1999)]

3. [P]laintiff is entitled to compensation pursuant to N.C. Gen. Stat. § 97-31(24) for permanent injury to his lungs in the amount of $20,000.00. Defendants are entitled to a credit for the 104 weeks of compensation paid at the rate of $194.00 per week, pursuant to N.C. Gen. Stat. § 97-61.5(b).

The Deputy Commissioner then entered the following award:

1. Defendants shall pay $20,000.00 to [P]laintiff pursuant to N.C. Gen. Stat. § 97-31(24) for the permanent injury to his lungs, subject to a credit for the one hundred and four (104) weeks of compensation paid at the rate of $194.00 per week.

2. Defendants shall pay the costs, including expert witness fees of $312.50 to Dr. D. Allen Hayes, $275.00 to Dr. Cecil Holmes Rand, Jr., and $150.00 to Dr. Liebert Devine.

Plaintiff appealed from the decision of the Deputy Commissioner to the Full Commission pursuant to section 97-85, and the Full Commission entered an Opinion and Award on 21 January 1997. The Full Commission adopted the findings of fact made by the Deputy Commissioner, and then made the following conclusions of law:

1. Plaintiff has failed to carry the burden of proof to establish that he is entitled to compensation for total disability as a result of his asbestosis. N.C. Gen. Stat. § 97-2(9); 97-29.

2. Plaintiff has made no effort following his voluntary retirement to seek other employment. Therefore, [P]laintiff is not entitled to elect a remedy under N.C. Gen. Stat. § 97-30.

3. Plaintiff is entitled to compensation pursuant to N.C. Gen. Stat. § 97-31(24) for permanent injury to his lungs in the amount of $20,000.00.

4. Defendant is not entitled to a credit for the 104 weeks paid to [P]laintiff pursuant to N.C. Gen. Stat. § 97-61.5(b).

5. Plaintiff is entitled to payment, by [D]efendant, of all medical expenses incurred, or to be incurred, as a result of his asbestosis. N.C. Gen. Stat. § 97-25.

The Full Commission entered the following award:

1. Defendant shall pay $20,000.00 to [P]laintiff pursuant to N.C. Gen. Stat. § 97-31(24) for the permanent injury to his lungs.

Defendant shall pay interest on this amount in accordance with N.C. Gen. Stat. § 97-86.2.

2. Defendant shall pay all medical expenses incurred, or to be incurred, as a result of [Plaintiff's] asbestosis.

3. A reasonable attorney's fee of twenty-five percent of the compensation due [P]laintiff under Paragraph 1 of this Award, excluding the interest due, is approved for [P]laintiff's counsel. Twenty-five percent of the lump sum due [P]laintiff shall be deducted from that sum and paid directly to his counsel.

4. Defendant shall pay the costs of this appeal.

Plaintiff appealed to this Court from the Opinion and Award of the Full Commission pursuant to section 97-86, and assigned error to the Full Commission's findings of fact and conclusions of law.

_____

[1] The dispositive issue is whether Plaintiff has abandoned his assignments of error.

Our review on appeal is limited to issues presented by assignment of error. N.C.R. App. P. 10(a). "Questions raised by assignments of error in appeals from trial tribunals but not then presented and discussed in a party's brief, are deemed abandoned." N.C.R. App. P. 28(a).

In this case, Plaintiff appealed from, and assigned error to, the final Opinion and Award of the Full Commission. Plaintiff does not, however, bring forward these assignments of error on appeal. A thorough reading of Plaintiff's brief reveals he instead contends the Opinion and Award *of the Deputy Commissioner* was erroneous. In Plaintiff's first argument to this Court, he states: "[T]he Commission's conclusion that [P]laintiff voluntarily resigned for reasons unrelated to the asbestosis is contrary to its own factual findings . . . ." Although the Deputy Commissioner made such a conclusion, the Full Commission did not. Plaintiff also argues his "disability was not based on 'factors other than his asbestosis,' as Conclusion No. 1 states . . . ." This quote is taken from the Opinion and Award of the Deputy Commissioner; the Full Commission made no such conclusion. Plaintiff further contends the "Opinion and Award incorrectly concluded that [P]laintiff quit his job for reasons unrelated to his breathing problems." Again, this is not a conclusion of the Full Commission, but of the Deputy Commissioner. Plaintiff next contends "Conclusion of Law No. 1 states that [P]laintiff has not estab-

DAVIS v. WEYERHAEUSER CO.

[132 N.C. App. 771 (1999)]

lished that he 'was unable to work.' " This quote and contention are likewise related to the Deputy Commissioner's Opinion and Award rather than that of the Full Commission. Finally, Plaintiff contends "[t]he Opinion and Award did not even address [P]laintiff's request for payment of ongoing medical expenses." Although the Deputy Commissioner's Opinion and Award did not address payment of Plaintiff's ongoing medical expenses, the Opinion and Award of the Full Commission explicitly addressed that issue and ordered Defendant to "pay all medical expenses incurred, or to be incurred, as a result of [Plaintiff's] asbestosis." Accordingly, Plaintiff's assignments of error to the Opinion and Award of the Full Commission are deemed abandoned due to his failure to bring them forward in his brief to this Court.

Furthermore, the Opinion and Award *of the Deputy Commissioner* is not properly before this Court. Appellate courts do not review the Opinion and Award of a Deputy Commissioner unless it has been affirmed or adopted by the Full Commission. *Brewer v. Trucking Co.*, 256 N.C. 175, 182, 123 S.E.2d 608, 613 (1962); *see also Adams v. AVX Corp.*, 349 N.C. 676, ——, 509 S.E.2d 411, 413 (1998) (noting that section 97-85 "places the ultimate fact-finding function with the Commission—not the hearing officer"); N.C.G.S. § 97-85 (1991) (providing for review of an award of the Deputy Commissioner by the Full Commission); N.C.G.S. § 97-86 (Supp. 1998) (providing for appeal from final decisions of the Full Commission to this Court).

[2] Although Plaintiff's assignments of error are deemed abandoned, we nonetheless have thoroughly reviewed the record and the Opinion and Award entered by the Full Commission. *See* N.C.R. App. P. 2. We specifically reject Plaintiff's contention that his prior award of 104-weeks compensation pursuant to section 97-61.5 established his disablement, *see* Leonard T. Jernigan, Jr., *North Carolina Workers' Compensation Law and Practice* § 16-2 (3d ed. 1999) (noting that asbestosis and silicosis claims are unique in that "they do not require a finding of disablement . . . in order to receive [section 97-61.5's] compensation benefits"); *Roberts v. Southeastern Magnesia and Asbestos Co.*, 61 N.C. App. 706, 711, 301 S.E.2d 742, 745 (1983) (noting that a claimant must "establish[] that his earning capacity was diminished due to the asbestosis [to] . . . recover an additional amount" in excess of the 104-weeks compensation), and we agree with the Full Commission that Plaintiff has not otherwise met his burden of showing his asbestosis resulted in disablement, *see Russell v. Lowes Product Distribution*, 108 N.C. App. 762, 765, 425 S.E.2d 454,

457 (1993) (listing the ways by which a claimant may show disablement). Accordingly, Plaintiff was not entitled to compensation pursuant to sections 97-29 (for total incapacity to earn wages) or 97-30 (for partial incapacity to earn wages), both of which require a showing of disablement. *See Wood v. Stevens & Co.*, 297 N.C. 636, 644, 256 S.E.2d 692, 697 (1979). Plaintiff was entitled to, and was awarded, compensation pursuant to section 97-31(24), which does not require a showing of disablement. *See Harrell v. Harriet & Henderson Yarns*, 314 N.C. 566, 575, 336 S.E.2d 47, 52 (1985).

Finally, we note the Commission stated some of its "findings" in the form of recitations of expert testimony without declaring whether it found the testimony to be a fact. For example, the Commission "found" that "Dr. Hayes noted that [P]laintiff's condition of moderately severe impairment is a permanent condition which is related to the asbestosis." Although we "interpret the Commission's practice of reciting testimony to mean that it does find the recited testimony to be a fact," *Peoples v. Cone Mills Corp.*, 316 N.C. 426, 442 n.7, 342 S.E.2d 798, 808 n.7 (1986), it is the Commission's duty to find the ultimate determinative facts, not to merely recite evidentiary facts and the opinions of experts. This is especially important in light of the requirement that the Commission demonstrate its consideration of the relevant evidence. *See Bryant v. Weyerhaeuser*, 130 N.C. App. 135, ——, 502 S.E.2d 58, 62 (1998). Unless the Commission specifically makes its own determination of the relevant facts of the case, especially where those facts are conflicting, it is unclear to reviewing courts whether the Commission merely included an expert's opinion to show its consideration of that opinion or whether the Commission actually agreed with (and found) the opinion as expressed by the expert. Accordingly, we strongly discourage the Commission from merely reciting that "Expert A opined . . ." as its *only* finding on a given issue; rather, the Commission should, at some point, also make its *own* determination on that issue, based on its consideration and evaluation of all the evidence, and include that determination in its findings.

Affirmed.

Judges LEWIS and HORTON concur.