JESSIE BILL CHILDRESS, Employee, Plaintiff v. FLUOR DANIEL, INC, Employer, and KEMPER INSURANCE COMPANY, Carrier, Defendants

No. COA03-107

(Filed 3 February 2004)

**1. Workers' Compensation— motion to withdraw or stay opinion—subrogation lien**

The Industrial Commission did not err in a workers' compensation case by denying defendants' motion to withdraw or to stay the effect of the opinion and award of the full Commission on the basis of defendants' subrogation claims, because: (1) a final award has not yet been entered in this matter, and thus, the Industrial Commission does not have jurisdiction over defendants' subrogation claim; and (2) until the award becomes final, jurisdiction over defendants' subrogation claim lies with the superior court.

**2. Workers' Compensation— permanent injury award—lung damage**

The Industrial Commission did not abuse its discretion in a workers' compensation case by awarding plaintiff employee $40,000 for his lung damage even though defendant contends the lungs are but a single organ entitling a maximum award of $20,000 for permanent injury to the lungs, because this award was appropriate under N.C.G.S. § 97-31(24) when there was competent medical evidence to support the findings regarding the significance of each organ to the body's general health and well-being.

**3. Workers' Compensation— disability—proof not required**

The Industrial Commission did not err in a workers' compensation case by holding that a disability need not be proven in order for N.C.G.S. § 97-31(24) to apply.

Appeal by defendants from Opinion and Award entered 16 April 2002 by the North Carolina Industrial Commission. Heard in the Court of Appeals 29 October 2003.

*Edward L. Pauley, Mona Lisa Wallace, and M. Reid Acree, Jr., for plaintiff-appellee.*

*Hedrick, Eatman, Gardner & Kincheloe, L.L.P., by Hatcher Kincheloe and Jason Cline McConnell, for defendant-appellant.*

**CHILDRESS v. FLUOR DANIEL, INC.**

[162 N.C. App. 524 (2004)]

STEELMAN, Judge.

Defendants (Fluor Daniel, Inc., and Kemper Insurance Company) appeal an Opinion and Award of the North Carolina Industrial Commission awarding plaintiff (Jessie Bill Childress) forty thousand dollars ($40,000) for permanent injury to his lungs and an additional twenty thousand dollars ($20,000) for permanent injury to his colon. For the reasons discussed herein, we affirm.

The relevant facts as found by the Full Commission are as follows. Plaintiff was employed by Daniel International Corporation (Fluor Daniel's predecessor in interest) at the DuPont Facility in Brevard, North Carolina during 1975-78. During that time, Daniel International's workers' compensation carrier for the DuPont facility was American Motorists Insurance Company (now Kemper Insurance).

Plaintiff was exposed to asbestos while working at the Dupont facility, and he did not suffer subsequent exposure. Plaintiff presented expert medical testimony that he had colon cancer and asbestosis in both lungs. This testimony causally linked each of these conditions to plaintiff's exposure to asbestos.

On 8 May 1997, plaintiff filed a Form 18B alleging asbestosis, an occupational disease, and seeking workers' compensation benefits from defendants. Plaintiff later amended his Form 18B to include a claim for colon cancer. Defendants denied liability.

At hearings before two deputy commissioners, defendants moved for an order to compel plaintiff to disclose amounts of any third-party settlements received by plaintiff. These motions were denied.

On 16 April 2002, the Full Commission entered its Opinion and Award in this matter. The Commission awarded plaintiff the sum of twenty thousand dollars ($20,000) for permanent injury to his colon, twenty thousand dollars ($20,000) for permanent injury to his left lung, and twenty thousand dollars ($20,000) for permanent injury to his right lung. Each of these awards was made pursuant to N.C. Gen. Stat. § 97-31(24) (2001). The Commission further directed that defendants pay all medical expenses incurred or to be incurred by plaintiff as a result of his asbestosis and colon cancer.

On 6 May 2002, defendants moved that the Commission withdraw its Opinion and Award. The basis of this motion by defendants was "to protect [defendants'] rights against payment for which a credit is

CHILDRESS v. FLUOR DANIEL, INC.

[162 N.C. App. 524 (2004)]

due pursuant to consummated third-party settlements." By order filed 20 August 2002, the Full Commission denied defendants' motion. Defendants gave notice of appeal to this Court on 25 September 2002.

On appeal of an Opinion and Award by the Industrial Commission, this Court is "limited to reviewing whether any competent evidence supports the Commission's findings of fact and whether the findings of fact support the Commission's conclusions of law." *Deese v. Champion Int'l Corp.*, 352 N.C. 109, 116, 530 S.E.2d 549, 553 (2000). Evidence tending to support the plaintiff's claim is to be viewed in the light most favorable to the plaintiff, and the plaintiff is entitled to the benefit of every reasonable inference to be drawn from the evidence. *Adams v. AVX Corp.*, 349 N.C. 676, 681, 509 S.E.2d 411, 414 (1998), *reh'g denied*, 350 N.C. 108, 532 S.E.2d 522 (1999). If there is any evidence in the record to support a finding of fact, it is conclusive on appeal, even if there is substantial evidence to the contrary. *Id.*

[1] In their first assignment of error, defendants argue the Commission erred in denying defendants' motion to withdraw or to stay the effect of the Opinion and Award of the Full Commission. We disagree.

"The purpose of the North Carolina Workers' Compensation Act is not only to provide a swift and certain remedy to an injured worker, but also to ensure a limited and determinate liability for employers." *Radzisz v. Harley Davidson of Metrolina*, 346 N.C. 84, 89, 484 S.E.2d 566, 569 (1997). The Act was not intended to provide the employee with a windfall by recovering from both his employer and a third-party tortfeasor. *Id.* For this reason, the Act provides for subrogation by employers of recovery from third parties. N.C. Gen. Stat. § 97-10.2 (2001). However, the Industrial Commission only acquires jurisdiction over subrogation issues after a workers' compensation claim is settled or a final award has been entered. N.C. Gen. Stat. § 97-10.2(f)(1).

An employer's right to a subrogation lien exists at the outset of a workers' compensation case. *See Radzisz*, 346 N.C. at 89, 484 S.E.2d at 569. Moreover, an employer's subrogation lien is not waived by failure to settle or obtain a final award prior to payment of third-party settlement proceeds. *Id.* However, the employer's right to subrogation does not vest until the workers' compensation case is settled or an award becomes final. *See Davis v. Weyerhaeuser Co.*, 96 N.C. App.

584, 588, 386 S.E.2d 740, 742 (1989) (stating that since defendant-employer had not made any payments to plaintiff, defendant-employer was not yet entitled to a credit based on the third-party settlement). The Industrial Commission does not have jurisdiction over the employer's subrogation claim until an award "final in nature" is entered. N.C. Gen. Stat. § 97-10.2(f)(1).

Rather, section 97-10.2(j) governs subrogation prior to entry of a final award:

> [I]n the event that a settlement has been agreed upon by the employee and the third party, either party may apply to the resident superior court judge . . . to determine the subrogation amount. . . . [T]he judge shall determine, in his discretion, the amount, if any, of the employer's lien, whether based on accrued or prospective workers' compensation benefits, and the amount of cost of the third-party litigation to be shared between the employee and employer.

N.C. Gen. Stat. § 97-10.2(j). However, after "an award final in nature in favor of the employee has been entered by the Industrial Commission, then any amount obtained by any person by settlement with, judgment against, or otherwise from the third party . . . shall be disbursed by order of the Industrial Commission . . . ." N.C. Gen. Stat. § 97-10.2(f)(1).

A final award has not yet been entered in this matter. Although the Full Commission entered an Opinion and Award on 16 April 2002, that award was appealed by the defendants to this Court. Thus, the award is not final in nature, and the Industrial Commission does not have jurisdiction over defendants' subrogation claim. *See id.* Until the award becomes final, jurisdiction over defendants' subrogation claim lies with the superior court. N.C. Gen. Stat. § 97-10.2(j). Therefore, the Industrial Commission correctly refused to stay the effect of its Opinion and Award on the basis of defendants' subrogation claims. This assignment of error is without merit.

**[2]** In their second assignment of error, defendants argue the Industrial Commission erred in awarding plaintiff forty thousand dollars ($40,000) for his lung damage. We disagree.

The Workers' Compensation Act "schedule of injuries" provides:

> In case of the loss of or permanent injury to any important external or internal organ or part of the body for which no compensa-

tion is payable under any other subdivision of this section, the Industrial Commission may award proper and equitable compensation not to exceed twenty thousand dollars ($20,000).

N.C. Gen. Stat. § 97-31(24). Defendants argue that plaintiff's lungs are but a single organ and that plaintiff is entitled to a maximum award of $20,000 for permanent injury to his lungs. In *Aderholt v. A.M. Castle Co.*, 137 N.C. App. 718, 724, 529 S.E.2d 474, 478, *cert. denied*, 352 N.C. 356, 544 S.E.2d 546 (2000), the plaintiff was awarded forty thousand dollars ($40,000) for permanent damage to his lungs, twenty thousand dollars ($20,000) per lung. This Court upheld the award, stating that the record revealed "competent medical evidence to support the Commission's findings regarding the significance of each organ to the body's general health and well-being." *Id.* at 724, 529 S.E.2d at 479. Moreover, the Court held that "the organs were important within the meaning of section 97-31(24) and that the amounts awarded for each were proper and equitable." *Id.*

In this case, the Full Commission found that plaintiff suffered permanent injury to "three important internal organs; to wit: his lungs, in the form of permanent and irreversible loss of lung function, and his colon, in the form of permanent and irreversible loss of colon function." An award under section 97-31(24) "will not be overturned on appeal absent an abuse of discretion" by the Full Commission. *Little v. Penn Ventilator Co.*, 317 N.C. 206, 218, 345 S.E.2d 204, 212 (1986). Finding no abuse of discretion, we conclude that an award of forty thousand dollars for permanent damage to both of plaintiff's lungs was appropriate under section 97-31(24). This assignment of error is without merit.

**[3]** In defendants' third assignment of error, they assert the Industrial Commission erred in holding that a disability need not be proven in order for section 97-31(24) to apply. We disagree.

Section 97-31 is a schedule of injuries that allows for compensation even if a claimant does not demonstrate loss of wage-earning capacity. *Harrell v. Harriet & Henderson Yarns*, 314 N.C. 566, 575, 336 S.E.2d 47, 52 (1985). "Losses included in the schedule are conclusively presumed to diminish wage-earning ability." *Id.* at 575, 336 S.E.2d at 52-53. Thus, the Industrial Commission may enter an award pursuant to section 97-31 without finding that the employee is disabled. *Id.* at 576, 336 S.E.2d at 53; *Davis v. Weyerhaeuser Co.*, 132 N.C. App. 771, 776, 514 S.E.2d 91, 94 (1999).

Defendants incorrectly argue that this principle was overruled by *Wilkins v. J.P. Stevens & Co.*, 333 N.C. 449, 426 S.E.2d 675 (1993). In dicta, the *Wilkins* Court wrote that "[f]or any physical impairment, including that caused by an occupational disease, to be compensable under the Act, it must be shown that the impairment has caused the claimant to have an incapacity for work." *Id.* at 453, 426 S.E.2d at 678. However, the plaintiff in that case was actually denied benefits not because he failed to prove a disability, but because his disability resulted from non-occupational causes. *Id.* at 454-55, 426 S.E.2d at 678-79. Thus, *Harrell* was not overruled by *Wilkins* and plaintiff need not show he was disabled in order to receive compensation under section 97-31(24). This assignment of error is without merit.

AFFIRMED.

Judges MARTIN and HUDSON concur.