JESSIE BILL CHILDRESS, Petitioner v. FLUOR DANIEL, INC., and BROADSPIRE (formerly KEMPER INSURANCE COMPANY), Respondents

No. COA04-1436

(Filed 2 August 2005)

**Jurisdiction— superior court—setting amount of workers' compensation lien**

A de novo review revealed that the trial court erred by dismissing plaintiff's petition for reduction of workers' compensation lien based on lack of jurisdiction under N.C.G.S. § 97-10.2, because: (1) the amount of an employer's lien on recovery from a third-party tortfeasor can be reduced or eliminated pursuant to N.C.G.S. § 97-10.2; (2) N.C.G.S. § 97-10.2(j) permits the superior court to adjust the amount of a subrogation lien if the agreement between the parties has been finalized so that only performance of the agreement is necessary to bind the parties; and (3) N.C.G.S. § 97-10.2(f)(1) does not govern liens, but merely requires the Commission to enter an order allowing distribution of the proceeds of a third party settlement once an award of workers' compensation benefits becomes final.

Appeal by plaintiff from an order entered 27 May 2004 by Judge Zoro J. Guice, Jr. in the Superior Court in Haywood County. Heard in the Court of Appeals 11 May 2005.

*Wallace & Graham, by Edward L. Pauley, for petitioner-appellant.*

*Hedrick, Eatman, Gardner & Kincheloe, L.L.P., by Hatcher Kincheloe and Edward A. Sweeney, for respondent-appellees.*

HUDSON, Judge.

The case arises from an attempt by plaintiff Jessie Bill Childress to reduce the amount of a workers' compensation lien held by defendants Fluor Daniel, Inc. (Employer) and Broadspire (Carrier) on plaintiff's recovery from a third-party tort-feasor. On 8 May 1997, plaintiff filed a Form 18B with the Commission alleging asbestosis and seeking benefits. Plaintiff later amended his Form 18B to include a claim for colon cancer. Defendants denied liability. On 16 April 2002, the Full Commission entered an opinion and award, awarding $20,000 each for three permanent injuries to three internal organs

pursuant to N.C. Gen. Stat. § 97-31(24) (2001). The Commission also directed defendants to pay all medical expenses incurred or to be incurred by plaintiff as a result of the asbestosis and colon cancer. Defendant appealed the opinion and award to this Court, arguing in part that the Commission should have addressed issues concerning the distribution of settlements with third parties, pursuant to N.C. Gen. Stat. § 97-10.2 (2001). *Childress v. Fluor Daniel,* 162 N.C. App. 524, 590 S.E.2d 893 (2004) *(Childress I).* This Court held that the Commission did not have jurisdiction to address these issues until a final award was entered. *Id.* at 527, 590 S.E.2d at 897.

Following this Court's decision, defendant filed a request for distribution of settlement proceeds with the Commission and, thereafter, plaintiff filed a petition for reduction of the lien ("the petition") in the superior court in Haywood County. Following a hearing, the superior court dismissed the petition on grounds that it lacked jurisdiction in the matter. Plaintiff appeals. As discussed below, we reverse and remand to the superior court.

Plaintiff argues that the court erred in dismissing his petition due to lack of jurisdiction pursuant to N.C. Gen. Stat. § 97-10.2. We agree.

We begin by noting that "whether a trial court has subject matter jurisdiction is a question of law, which is reviewable on appeal *de novo.*" *Ales v. T. A. Loving Co.,* 163 N.C. App. 350, 352, 593 S.E.2d 453, 455 (2004). In its order of 14 May 2004 dismissing plaintiff's petition, the court concluded that because plaintiff's claim was final, the superior court did

> not have jurisdiction to consider [plaintiff's] request for adjustment or elimination of [defendants'] workers' compensation claim. Rather, any questions concerning the rights and liabilities of the parties with regard to liens in third-party settlements now rest with the North Carolina Industrial Commission pursuant to the provisions of N.C. Gen. Stat. § 97-10.2(f)(1).

Plaintiff contends that this conclusion misapplies the statutory provisions of N.C. Gen. Stat. § 97-10.2 (2003) and the holding in *Childress I.* We agree.

"The purpose of the North Carolina Workers' Compensation Act is not only to provide a swift and certain remedy to an injured worker, but also to ensure a limited and determinate liability for employers." *Radzisz v. Harley Davidson,* 346 N.C. 84, 89, 484 S.E.2d 566, 569

(1997). "Section 97-10.2 and its statutory predecessors were designed to secure prompt, reasonable compensation for an employee and simultaneously to permit an employer who has settled with the employee to recover such amount from a third-party tort-feasor." *Id.* However, the amount of an employer's lien on recovery from a third-party tort-feasor can be reduced or eliminated pursuant to N.C. Gen. Stat. § 97-10.2. Subsection (j) provides in pertinent part:

> Notwithstanding any other subsection in this section, in the event that a judgment is obtained by the employee in an action against a third party, or in the event that a settlement has been agreed upon by the employee and the third party, *either party may apply to the resident superior court judge* of the county in which the cause of action arose or where the injured employee resides, or to a presiding judge of either district, to determine the subrogation amount. After notice to the employer and the insurance carrier, after an opportunity to be heard by all interested parties, and with or without the consent of the employer, *the judge shall determine, in his discretion, the amount, if any, of the employer's lien,* whether based on accrued or prospective workers' compensation benefits, and the amount of cost of the third-party litigation to be shared between the employee and employer.

N.C. Gen. Stat. § 97-10.2(j) (2003) (emphasis supplied). "We interpret N.C. Gen. Stat. § 97-10.2(j) as permitting the superior court to adjust the amount of a subrogation lien if the agreement between the parties has been finalized so that only performance of the agreement is necessary to bind the parties." *Ales,* 163 N.C. App. at 353, 593 S.E.2d at 455.

The conclusion of the trial court in its order dismissing plaintiff's petition cites N.C. Gen. Stat. § 97-10.2(f)(1). This subsection does not govern liens, but merely requires the Commission to enter an order allowing distribution of the proceeds of a third party settlement once an award of workers' compensation benefits becomes final:

> If the employer has filed a written admission of liability for benefits under this Chapter with, or *if an award final in nature* in favor of the employee has been entered by the Industrial Commission, *then any amount* obtained by any person by settlement with, judgment against, or otherwise from the third party by reason of such injury or death *shall be disbursed by order of the Industrial Commission* . . . [sets forth order of priority]

N.C. Gen. Stat. § 97-10.2 (2003) (emphasis supplied). Thus, the superior court, in its discretion, determines whether to order any reduction in the lien (the amount the workers' compensation carrier or employer may recover from the third party settlement), pursuant to N.C. Gen. Stat. § 97-10.2(j). In a separate proceeding, pursuant to N.C. Gen. Stat. § 97-10.2(f)(1), the Commission then issues an order detailing to whom and in what amounts the funds will be distributed, including the amount of distribution to satisfy the workers' compensation lien if any, once the worker's compensation award is final. N.C. Gen. Stat. § 97-10.2 specifies that while the power to set the amount of the lien is in the superior (or federal) court pursuant to N.C. Gen. Stat. § 97-10.2(j), the Commission orders distribution under N.C. Gen. Stat. § 97-10.2(f)(1). The court erred by applying the latter provision, when it should have looked to N.C. Gen. Stat. § 97-10.2(j), which explicitly gives it jurisdiction over setting the amount of the lien.

Reversed and remanded.

Judges HUNTER and GEER concur.